UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSLYVANIA

------------------------------------------------------------------- x
RACK'EM MANUFACTURING LLC,                :
                                          :
              Plaintiff,           :   Civil Action No.: 3:18-cv-1524
                                          :
              v.                   :
                                          :
E-GO BIKE LLC and BING LIU, Individually. :
                                          :
              Defendants.          :
------------------------------------------------------------------- x

## COMPLAINT

Plaintiff, Rack'em Manufacturing LLC ("Plaintiff" or "Rack'em"), through its attorneys, complaining of Defendants, E-Go Bike LLC ("EGB") and Bing Liu ("LIU")(collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law and in equity to remedy acts of, *inter alia* (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) unfair competition under the common law of Pennsylvania, all caused by Defendants' unauthorized use of Plaintiff's registered trademark PACK'EM, and its intentional copying of Plaintiff's advertising and business materials, including photographs, advertising copy, instruction manuals, and product directions.

## THE PARTIES

2.     Rack'em is a limited liability corporation duly organized and existing under the laws of the State of Pennsylvania, having its principal place of business at P.O. Box C, 1301

682977.2

Purdytown Tpk, Hawley, Pennsylvania 18428.

3. Upon information and belief, E-Go Bike LLC is a Limited Liability Company duly organized and existing under the laws of the State of California, and was created on April 8, 2015; EGB has a principal place of business at 713 Sandoval Way, Hayward, California 94544.

4. Upon information and believe, Defendant Bing Liu is an individual having a place of business at 713 Sandoval Way, Hayward, California 94544. Upon information and belief, Bing Liu is the active, conscious, and dominant force behind the wrongful acts of Defendants as set forth herein.

5. Upon information and belief, Defendants are and have been doing business in the State of Pennsylvania and market and advertise infringing goods in Pennsylvania. Defendants place their products into the national stream of commerce through online retailers such as Amazon and eBay, thereby initiating contact with residents of the State of Pennsylvania and purposefully availing themselves of the laws of Pennsylvania by selling and shipping products to residents of Pennsylvania in this District.

## JURISDICTION AND VENUE

6. This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (jurisdiction to adjudicate claims of trademark infringement and accompanying claims of unfair competition) and 15 U.S.C. § 1121 (jurisdiction of federal courts to adjudicate trademark claims).

7. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

9. Rack'em is family owned and operated business with roots that trace back to 1969.

10. Rack'em designs, manufactures and sells equipment for landscapers, construction workers and sportsmen, consisting of trimmer racks, back pack blower racks and trim line holders for both open and enclosed trailers, grass catchers, extensions, wheel locks, and more.

11. Rack'em's racks are perfect for equipment storage organization for work and sport trailers.

12. Rack'em owns and operates an online ecommerce website at www.rackemmfg.com.

13. Rack'em markets and sells products directly to customers through its website. Its products are also available through dealers and distributors in many U.S. States and Canada, which are listed on its website.

14. During its forty-plus years of business, Rack'em has developed a reputation for providing high quality products and exceptional service.

15. Rack'em markets and sells many of its products under one or more trademarks, namely RACK'EM and PACK'EM.

16. RACK'EM is the owner of the following U.S. Trademark Registrations:

| | | | |
|---|---|---|---|
| RACK'EM (Word Mark) | 2,443,884 | 4/17/2001 | IC 006: wall mounted metal rack for holding landscaping tools |
| RACK'EM (Word Mark) | 2,512,759 | 11/27/2001 | IC 007: grass catcher for lawn mowers |
| PACK'EM (Word Mark) | 5,327,387 | 11/7/2017 | IC 012: racks for vehicles for transporting ladders, landscaping equipment and kayaks |

(hereinafter collectively referred to as the "Rack'em Registered Marks"). Copies are attached as Exhibit 1.

17. The Rack'em Registered Marks are in full force and effect and have never been abandoned.

18. Rack'em has used the Rack'em Registered Marks on and in connection with its products.

19. The Rack'em Registered Marks identify high quality products originating with Rack'em.

20. Rack'em has gone to great lengths to protect its name and enforce its Registered Trademarks.

21. The follow are examples of the Rack'em Registered Marks used in connection with its marketing and sale of products (red circles added for emphasis):



4

682977.2





**Product description**

(Pack'em 3)place locking trimmer rack for transporting and storing on open trailers.
Includes 3 lb Trim Line Holder and Memory Foam Pads on hooks to prevent rotation.
Bolts to trailer's upper & lower side rails.
Fits most straight shafted trimmers (Trimmers, trim line and hardware are not included)
Requires 4 nuts & bolts Measures 47" tall

5

682977.2



(Examples of Use of Rack'em Registered Marks in Advertising: red circles added for emphasis)

22. Rack'em has all rights to the Rack'em Registered Marks, including the right to enforce against any third party that is infringing upon the use of the marks.

## DEFENDANTS' INFRINGING ACTIVITIES

23. Upon information and belief, Defendants have been using various aliases on ecommerce sites, including Amazon and eBay, to sell copies of Rack'em products.

24. Upon information and belief, "gogreenbike" is an alias being used by Defendants on eBay to sell copies of Rack'em's product using advertising copy and photos which refer to or show the registered mark PACK'EM. (*See* eBay item number:172909307754).

682977.2





25. Upon information and belief, "flashemotor" is another alias being used by Defendants on eBay to sell copies of Rack'em's product using advertising copy and photos which refer to or show the registered mark PACK'EM. (*See* eBay item number:112427146725).

7

682977.2





26. Upon information and belief, "7BLACKSMITHS" is one of the seller aliases being used by Defendants on Amazon to sell copies of Rack'em's product using advertising copy and photos which refer to or show the registered mark PACK'EM. (*See* Amazon ASIN: B07F2G1PRG).



27. Upon information and belief, "ONESTOPS8" is another alias being used by Defendants on Amazon to sell copies of Rack'em's product using advertising copy and photos which refer to or show the registered mark PACK'EM. (*See* Amazon ASIN: B079Z3H3L8 and B079Z31T8R).



9

682977.2

> **Product description**
>
> Model: RACK-A64
> Condition: 100% Brand New
> Pack'em 3 place locking trimmer rack for transporting and storing on open trailers.
> Capacity: 3 Trimmers/brush cutters.
> "C" channel steel tower construction. Stronger than just "L" right angle construction.
> Bolts to trailer's upper & lower side rails.
> Fits most straight shafted trimmers (Trimmers are not included) Comes with
> 3 keyed a-like locks (Hardware not included)
> Requires 4 nuts & bolts
> Measures 47" tall
> Memory foam pads on the rack hooks prevent rotation.
> Come in black paint finish

28. Upon information and belief, "NIXFACE" is another alias being used by Defendants on Amazon to sell copies of Rack'em's product using advertising copy and photos which refer to or show the registered mark PACK'EM. (*See* Amazon ASIN: B07DNBFC86).



29. Upon information and belief, "ECOTRIC" is one of the seller aliases being used by Defendants on Amazon to sell copies of Rack'em's product using advertising copy and photos which refer to or show the registered mark PACK'EM.

30. Defendants did not have the authorization or consent of Rack'em to use its photos showing the PACK'EM brand name or copy its marketing and advertising materials which included the PACK'EM brand name.

10

31. Upon information and belief, Defendants' selection and use of the PACK'EM brand name in connection with its products was intentional and intended to benefit from the more than forty years of goodwill developed by Rack'em and its quality products.

32. Upon information and belief, one or more employees of the Defendants purchased one or more Rack'em products, providing access to instruction manuals and product directions which were copied and included in shipments to customers.

33. Defendants' intent to misappropriate, use, and financially benefit from the established goodwill of Rack'em and its registered marks is reflected by it verbatim copies of written and online marketing and advertising materials containing Rack'em's photos, model numbers, and the PACK'EM mark.

34. Due to the similarity between the Rack'em photos and product descriptions, the infringing PACK'EM mark used by Defendants, and the copied Rack'em materials included in its shipments to customers, consumers are likely to mistakenly believe that Defendants' inferior products are owned or affiliated with Rack'em.

35. Defendants are intentionally misleading the public to think they are the same, or affiliated with the more renown Rack'em products with their false portrayals of their business and use of photos and advertising copy as the protected PACK'EM mark.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement in Violation of 15 U.S.C. § 1114(1)

36. Rack'em repeats and re-alleges every allegation set forth in paragraphs 1 through 33 above as if fully set forth herein..

37. Rack'em is the owner of the Rack'em Registered Marks identified *supra*.

38. Defendants use the Rack'em Registered Marks in connection with Defendants' sale,

distribution and advertising of its copied products.

39. Defendants' activities as aforesaid constitute Defendants' use in commerce of the Rack'em Registered Marks.

40. Defendants have used the Rack'em Registered Marks without Plaintiff's consent or authorization. Defendants' use, including the sale and distribution of products using the infringing marks in interstate commerce is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants, which is untrue.

41. Defendants have intentionally used the Rack'em Registered Marks knowing they are the exclusive property of Plaintiff in connection with the offering for sale, sale and distribution of it products.

42. Defendants' conduct is intended to exploit the goodwill and reputation associated with the Rack'em Registered Marks.

43. Plaintiff has no control over the quality of Defendants' merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Plaintiff's reputation and valuable goodwill in its trademarks is at the mercy of Defendants' unscrupulous tactics.

44. Defendants' activities as aforesaid creates the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiff to use the Rack'em Registered Marks to advertise, distribute, offer for sale or sell its inferior products when Defendant is not so authorized.

45. Defendants engage in the aforementioned activity with the intent to confuse and deceive

consumers into believing that Defendants and the goods they sell are in some way sponsored by, affiliated or associated with Plaintiff when Defendants are not.

46. Defendants' unauthorized use of the Rack'em Registered Marks as set forth above has resulted in Defendants unfairly benefiting from Plaintiff's advertising and promotion, and profiting from Plaintiff's reputation and its registered marks, to the substantial and irreparable injury of the public, Plaintiff and the Rack'em Registered Marks, and the substantial goodwill represented thereby.

47. Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48. Defendants' acts have caused, and will continue to cause, great and irreparable injury to Rack'em, and unless such acts are restrained by this Court, they will be continued, thereby causing Rack'em to continue to suffer great and irreparable injury.

49. Plaintiff is informed and believes and thereon alleges that Defendants' infringement is both intentional and egregious.

50. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

51. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin in Violation of Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a))

52. Rack'em repeats and re-alleges every allegation set forth in paragraphs 1 through 49 above as if fully set forth herein.

53. Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a), provides, in relevant part,

> Any person who, or in connection with any goods or services, or any container for goods uses in commerce, any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which -- (1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

54. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the Rack'em Registered Marks, as such activities have the effect of creating confusion, mistake and deception.

55. Upon information and belief, these activities were commenced and have continued in spite of Defendants' knowledge that such activities are in direct contravention of Rack'em's rights in the Rack'em Registered Marks.

56. Defendants' acts complained of herein constitute trademark infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Upon information and belief, this infringement, unfair competition, and false designation of origin is knowing and willful.

58. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

59. The Defendants' acts have caused and will continue to cause irreparable injury to the Plaintiff. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

682977.2

### THIRD CLAIM FOR RELIEF

### Pennsylvania Common Law Trademark Infringement and Unfair Competition

60. Rack'em repeats and re-alleges each and every allegation set forth in paragraphs 1 through 57 above as if fully set forth herein.

61. The Plaintiff owns all right, title, and interest in and to the Rack'em Registered Marks.

62. The marketing and advertising of Defendant's products incorporate copies and imitations of Plaintiff's trademarks.

63. The Defendants' use of the Rack'em Registered Marks, including the PACK'EM mark, is unauthorized, and is likely to cause consumer confusion.

64. Defendants misappropriated the Rack'em Registered Marks, and took advantage and made use of Rack'em's efforts and goodwill, and has otherwise unfairly competed with Rack'em, in violation of the common law of the State of Pennsylvania.

65. Upon information and belief, this infringement and unfair competition is knowing and willful.

66. By the acts described above, the Defendants have engaged in trademark infringement and unfair competition in violation of the common law of the State of Pennsylvania.

67. The Defendants acts have caused, and will continue to cause, irreparable injury to Rack'em.

68. The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined. The Defendants' wrongful acts will continue unless and until enjoined by this Court.

## TRIAL BY JURY IS DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. For a declaratory judgment that:

    a. Defendants violated 15 U.S.C. § 1114;

    b. Defendants violated Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a);

    c. Defendants engaged in trademark infringement and unfair competition in violation of the common law of the State of Pennsylvania; and

2. That Defendants deliver up to Plaintiff or its counsel for destruction all written and printed material bearing the "PACK'EM" or "RACK'EM" marks or names.

3. For a preliminary and permanent injunction against Defendants and their officers, agents, servants, employees, and all others in active concert or participation with each of them, who receive actual notice hereof by personal service or otherwise, enjoining and restraining them as follows:

    a. From using the PACK'EM or RACK'EM marks;

    b. From using any name or mark confusingly similar to the Rack'em Registered Marks;

    c. From using, orally, in writing or in any media the name, word, or marks PACK'EM or RACK'EM or any other name, word or mark that is confusingly similar to the Rack'em Registered Marks in connection with the advertisement, promotion, marketing, offering, distribution, provision or sale of any landscaping, construction or sportsmen related products;

    d. From attempting to register as a trade name, business name, state or federal trademark and/or service mark, any name, mark or designation that incorporates the word RACK'EM or PACK'EM or is in any other way confusingly similar to the Rack'em Registered Marks;

    e. From committing any other act which falsely represents or which has the effect of falsely representing that the goods or services of Defendants are licensed, authorized by, or in any way associated with the Plaintiff or the Rack'em Registered Marks;

    f. From otherwise infringing the PACK'EM or RACK'EM marks; and

    g. From otherwise unfairly competing with Plaintiff;

4. For general, special, actual, punitive, and/or statutory damages, according to proof at trial;

5. For all of Defendants' profits and all damages, including lost profits, sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate, pursuant to 15 U.S.C. § 1117(a) and Pennsylvania State law;

682977.2

6. For treble damages;

7. For an accounting and disgorgement of Defendants' profits derived from Defendant' wrongful acts;

8. For declaration that the instant lawsuit is an exceptional case, pursuant to 15 U.S.C. §1117, entitling Plaintiff to an award of its reasonable attorneys' fees, expenses, and costs in this action;

9. For interest at the legal rate; and

10. For such other and further relief as the Court may deem just and proper.

Dated: July 31, 2018

                                        Respectfully submitted,

                                        */s/Richard S. Mandaro*
                                        Anthony Lo Cicero
                                        Richard S. Mandaro
                                        Amster, Rothstein & Ebenstein LLP
                                        90 Park Avenue
                                        New York, NY 10016
                                        Tel.:    212.336.8000
                                        Fax.:   212.336.8081
                                        E-mail:  alocicero@arelaw.com
                                        E-mail:  rmandaro@arelaw.com

                                        and

                                        ANTHONY J. MAGNOTTA, ESQUIRE
                                        Oxford Place
                                        1307 Purdytown Turnpike, Suite A
                                        Lakeville, Pennsylvania 18438
                                        Tel: 570-226-5700
                                        Fax: 570-226-5654
                                        Email: ajmlaw@ptd.net
                                        ***Attorneys for Plaintiff***
                                        ***Rack'em Manufacturing Inc.***

682977.2