# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACK'EM MFG LLC, | |
| Plaintiff, | Civil Action No.  3:18-CV-01524-RDM |
| vs. | |
| E-GO BIKE LLC and BING LIU, | (HON. ROBERT D. MARIANI) |
| Defendants. | |

**<u>BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(3)</u>**

## TABLE OF CONTENTS FOR EXHIBITS

**Exhibit A** – E-Go Bike LLC's Complaint for Declaratory Judgment filed in the Northern District of California;

**Exhibit B** – Rack'em MFG LLC's Section 7 Request Form submitted to the United States Patent and Trademark Office ("USPTO") on September 17, 2018;

**Exhibit C** – USPTO records for U.S. Registration No. 5,327,387 for the mark PACK'EM; and

**Exhibit D** – Pennsylvania Department of State records of "Rack'em" business entities.

## I.  INTRODUCTION

Each of the parade of plaintiffs in this case lacked standing at the time the Complaints were filed. The Plaintiff named in the initial Complaint lacked standing with respect to all claims when the initial Complaint was filed.  The new, different Plaintiff named in the Amended Complaint did not have standing to assert its claims under the Lanham at the time the Amended Complaint was filed. The law is clear that standing must exist at the time the complaint is filed and cannot be created through an amended pleading.  Therefore, the Amended Complaint must be dismissed for lack of standing under the Lanham Act.

The original Complaint in this action was brought by a non-existent entity, Rack'em Manufacturing Inc. that did not own the asserted marks.  In response, Defendant filed a Motion to Dismiss demonstrating that the non-existent entity lacked constitutional and statutory standing.  (Dkt. No. 10-1).  At the same time, Defendant feared it would face a trademark infringement suit from the parties which Defendant suspected may own the asserted marks as well as a claim for patent infringement. One of those parties was Rack 'em MFG LLC ("REM").  In an effort to resolve all of the claims threatened between the proper parties, Defendant filed a Complaint for Declaratory Judgment in the Northern District of California against those parties, including REM (the "California Action").

Almost two weeks later, the First Amended Complaint was filed in this action – a tacit admission that the original "plaintiff" did not have standing. But the First Amended Complaint is an "amended" complaint in name only. In the First Amended Complaint, a wholesale substitution of plaintiffs occurred in which the non-existent entity was simply replaced with REM. Critically, at the time of filing of the First Amended Complaint, REM was not yet the registrant of the asserted mark and, thus, likewise lacked standing.

Consequently, the First Amended Complaint is not an amendment to an existing pleading but a <u>new</u> lawsuit by a <u>new</u> plaintiff because the original Plaintiff lacked standing to amend anything let alone the Complaint. Because the First Amended Complaint is a new lawsuit filed after Defendant's Declaratory Judgment complaint, it is the "second-filed action" and should be transferred to the Northern District of California pursuant to the first-filed rule.

Rather than simply dismiss the First Amended Complaint (an appropriate remedy), this Court can transfer the case to the Northern District of California. The parties named in the First Amended Complaint are already named in the previously California action—the first filed action. Therefore, the First Amended Complaint can be readily transferred under the first-filed rule.

For these reasons, Defendant, E-Go Bike LLC ("EGB") ("Defendant")[1], by and through its undersigned attorneys, hereby submits this Memorandum of Law in Support of their Motion to Dismiss or Transfer Plaintiff's First Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(3).[2]

## II.   THERE HAS YET TO BE A PLAINTIFF WITH STANDING

On July 31, 2018, a non-existent entity filed a Complaint ("Original Complaint") in this Court against Defendant for: (1) trademark infringement under 15 U. S. C. § 1114(1); (2) false designation of origin under 15 U.S.C. § 1125(a); and (3) unfair competition under the common law of Pennsylvania. (Dkt. No. 1, Original Complaint at ¶ 1). The non-existent entity averred pursuant to Rule 11 that it was the owner of U.S. Registration No. 5,327,387 for the mark PACK'EM ("Registration"). (Dkt 1 at ¶ 16). It was not.

The non-existent entity lacked constitutional and statutory standing because it did not exist and it did not own the asserted marks.[3] (Dkt. 10-1). No other

---

[1] Only Defendant E-Go Bike LLC has been served. Therefore, this motion is brought solely on behalf of Defendant E-Go Bike LLC. (*See* Dkt. at 9).

[2] If there is ever an action by a Plaintiff with actual standing at the time the Complaint is filed, this forum would not be appropriate as this Court lacks personal jurisdiction over the named Defendants. Defendants reserve the right to challenge venue and personal jurisdiction.

[3] In the initial Complaint, the purported Plaintiff, a non-existent entity, also claimed ownership of two RACK 'EM trademarks. (*See* Complaint, Dkt. 1 at ¶ 16, Dkt. 1-1 at 3-4 of 4). The RACK 'EM Marks though are owned by a New Jersey

plaintiff was named in the Original Complaint. (Dkt. 1). Therefore, on September 12, 2018, Defendant timely moved to dismiss the Original Complaint for, *inter alia*, lack of constitutional and statutory standing. (Dkt. 10-1). The Defendant also demonstrated that the Registration was void *ab initio* as it was not prosecuted in the name of the rightful owner. (Dkt. 10-1 at 8).

Also on September 12, 2018, Defendant filed a Complaint for Declaratory Judgment ("DJ Complaint," attached hereto as Exhibit A) against Rack 'Em Sole Proprietorship, REM, Glenn Johnson, and John Pallay, Jr. ("DJ Defendants") in the Northern District of California. The DJ Complaint sought a declaration of non-infringement of DJ Defendant's trademark and patent rights (Ex. A at ¶¶ 1, 35-44, 49-52) and cancellation of Registration No. 5,327,387 for the mark PACK'EM ("Registration") (*Id.* at ¶ 45-48). None of the DJ Defendants were a party to the action in this Court as of the filing of the Original Complaint. (Dkt. 1).

On September 17, 2018, REM filed with the USPTO a request ("USPTO Request") to amend the name of the registrant and entity type of the Registration. The USPTO Request is attached hereto as Exhibit B.

On September 25, 2018, almost two weeks after Defendant filed its DJ Complaint in the Northern District of California and <u>before</u> the USPTO request

---

sole proprietorship. (*Id.*). In the Amended Complaint, no reference is made to the RACK 'EM Marks. The sole proprietorship has been named as a party to the California Action. (Ex. A).

was granted, the First Amended Complaint was filed in this Court and the name of the Plaintiff was changed to be Rack 'Em MFG LLC ("REM") as the sole plaintiff in the First Amended Complaint. (Dkt. 12)[4]  The First Amended Complaint set forth the same counts as the Original Complaint except that the RACK 'EM Marks were no longer alleged to be infringed. (*Id.* at ¶ 1).

In the First Amended Complaint, REM alleged that it is "the owner" of the Registration for the mark PACK'EM. (*Id.* at ¶ 16). REM also alleged that "ownership of the registration for the Pack'em Mark has recently been corrected at the United States Patent and Trademark Office to reflect the proper owner, namely [REM], pursuant to Section 7 of the Trademark Act." (*Id.* at ¶ 18). USPTO Records attached hereto as Exhibit C confirm that these representations were not accurate at the time the First Amended Complaint was filed. REM was still not the owner of record of the PACK 'EM Mark and the USPTO did not amend the Registration until September 28, 2018—<u>after</u> the First Amended Complaint was filed. (Ex. C at pg. 2).

---

[4] The non-existent entity listed as the Plaintiff in the initial Complaint was no longer named as a party in the First Amended Complaint. Notably, the initial Complaint's non-existent Plaintiff is still different from the purported non-existent entity which filed the PACK 'EM trademark application.

## III.   ARGUMENT

### A.   REM's Trademark Infringement Claim should be dismissed for lack of statutory standing.

REM lacked standing to bring a claim for trademark infringement under the Lanham Act at the time the First Amended Complaint was filed. A motion to dismiss based on lack of standing is brought pursuant Federal Rule of Civil Procedure 12(b)(1) because standing is jurisdictional. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

In evaluating a complaint under 12(b)(1), the court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.*; *Blanyar v. Genova Products, Inc.*, 861 F.3d 426, 431 (3d Cir. 2017). However, the Court is "not required to accept merely conclusory factual allegations or legal assertions." *In re Asbestos Prods. Liability Lit. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009)). Moreover, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and brackets omitted).

Generally, when deciding a motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild,*

*O'Brien & Frankel,* 20 F.3d 1250, 1261 (3d Cir. 1994). However, the Court may also take judicial notice of matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 559 n.2 (M.D. Pa. 2010) (taking judicial notice of a mortgage recorded with a county recorder of deeds office because it was a matter of public record).

### 1. REM did not become the registrant for the PACK'EM Mark until after the First Amended Complaint was filed.

REM failed to acquire standing prior to the filing of the First Amended Complaint. On September 25, 2018, when the First Amended Complaint was filed, REM was not the registrant of the Registration. Instead, Rack 'Em Manufacturing, Inc. was the registrant. (Dkt. 12-1). USPTO records confirm that REM did not become the registrant until three days after the First Amended Complaint was filed. (Ex. C (showing that a Certificate of Correction issued on September 28, 2018)). This Court should take judicial notice of the USPTO Records attached as Exhibit C[5] and disregard REM's untrue statement that "ownership of the registration for the Pack'em Mark has recently been corrected at

---

[5] This Court may take judicial notice of the date the USPTO issued the Certificate of Correction for the Registration because it is a matter of public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 559 n.2 (M.D. Pa. 2010).

the United States Patent and Trademark Office to reflect the proper owner, namely [REM], pursuant to Section 7 of the Trademark Act." (Dkt. 12 at ¶ 18).

### 2. Because REM was not the registrant at the time of filing, REM lacked statutory standing.

Because REM was not the registrant at the time of filing, REM lacked statutory standing to bring its trademark infringement claim. As explained in Defendant's initial Motion to Dismiss, which is incorporated by reference, Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), permits a cause of action only by registrants of registered trademarks. In other words, *only* registrants have standing to bring an action for trademark infringement under § 1114(1). *Fed. Treasury Enterprise Sojuzplodimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2nd Cir. 2013); *Reliable Tire Dist., Inc. v. Kelly Springfield Tire Co.*, 592 F. Supp. 127, 136 (E.D. Pa. 1984) ("Only a registrant is entitled to pursue the remedies afforded by" 15 U.S.C. § 1114(1).). The term "'registrant' embrace[s] the legal representatives, predecessors, successors and assigns of such . . . registrant." 15 U.S.C. § 1127.

REM was not the registrant as of the filing of the First Amended Complaint. Therefore, REM's claim for trademark infringement under the Lanham Act must be dismissed.

### B. This Court has the authority to transfer this action to California pursuant to the first-filed rule.

The First Amended Complaint should be transferred to the Northern District of California pursuant to the first-filed rule. The First Amended Complaint is a new lawsuit filed after Defendant filed its DJ Complaint in the Northern District of California. Therefore, the First Amended Complaint is the second-filed action for purposes of the first-filed rule and should be transferred.

The first-filed rule requires that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929-30 (3d Cir. 1941) (formally adopting the first-to-file rule in the Third Circuit Court of Appeals). In other words, "the party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter." *Chavez v. Dole Food Co.*, 836 F.3d 205, 216 (3d Cir. 2016). "[T]he first-filed rule easily encompasses cases involving the same parties and the same transaction." *Landau v. Viridian Energy PA LLC*, 274 F. Supp. 3d 329, 332 (E.D. Pa. 2017) (holding that "[m]any such cases involve intellectual property disputes," where a suit for infringement is in one district while a declaratory judgment action is in another district).

Once a court decides to apply the first-filed rule, it has the discretion to stay, transfer, or dismiss the second-filed action. *See Chavez*, 836 F.3d at 220-21. "[I]n the vast majority of cases, a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit." *Id.* "In truly related cases, transfer to the jurisdiction with the first-filed case should be presumed" such that a transfer analysis under 28 U.S.C. § 1404 is not required. *Landau*, 274 F. Supp. 3d at 334.

### 1. The First Amended Complaint is a new lawsuit, not an amendment under Rule 15(c).

The First Amended Complaint is a new lawsuit. The Original Complaint in this action was brought on behalf of Rack'em Manufacturing LLC ("Rack'em Manufacturing"). (Dkt. 1). Rack'em Manufacturing does not exist. (*See* Pennsylvania Department of State records ("Pennsylvania Records") attached as Exhibit D[6] (not listing Rack'em Manufacturing)). As a result, Rack'em Manufacturing lacked constitutional standing to bring any claim asserted in the Original Complaint. *Marrakush Soc. V. New Jersey State Police*, Nos. 09-2518 (JBS), 2009 WL 2366132, at *25 (D. N.J. July 30, 2009) ("In order to be a litigant in legal proceedings, the litigant—regardless of whether it is a juridical entity or a natural person—must actually exist."); *see Joint Stock Society v. UDV North America, Inc.*, 266 F.3d 164, 175 (3d Cir. 2001) (explaining that "the plaintiff must have suffered an injury in fact" to have constitutional standing).

---

[6] The Court should also take judicial notice of these public records.

10

Moreover, Rack'em Manufacturing was not the registrant of the asserted marks. (*See* Dkt. 1-1 (listing other entities as the registrants)). Only registrants have standing to bring an action for trademark infringement. 15 U.S.C. § 1114(1). Therefore, Rack'em Manufacturing also lacked statutory standing to bring a trademark infringement claim under the Lanham Act.

Due to those irreparable and fundamental jurisdictional flaws, Defendant moved to dismiss the Original Complaint for, *inter alia*, lack of constitutional and statutory standing. (Dkt. 10-1). On the same day, Defendant filed its DJ Complaint against the DJ Defendants, including REM. (Ex. A).

Almost two weeks later, the First Amended Complaint was filed with a wholesale substitution of plaintiffs. (Dkt. 12). Rack'em Manufacturing is no longer a plaintiff in this action. (*Id.*). Instead, a new plaintiff, REM, is the sole plaintiff in this action as of the filing of the First Amended Complaint. (*Id.*). That is impermissible under Rule 15(c). Even so, at the time it filed the First Amended Complaint, REM still lacked standing.

### 2. The Plaintiff in the Original Complaint has no standing to amend the Complaint to substitute plaintiffs.

REM cannot be substituted into this action through an amended complaint. A plaintiff who lacks standing may not amend its complaint to substitute in a new plaintiff to cure the lack of jurisdiction. *See Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (holding that where the plaintiff "admittedly has not

11

suffered injury in fact by the defendants, it had no standing to bring this action and no standing to make a motion to substitute the real party in interest."); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 774-75 (5th Cir. 1986) (finding that an amendment substituting plaintiffs was not effective because "if the original plaintiff did not have the ability to bring the suit in federal court it could not amend"); *Arrow Drilling Co., v. Carpenter*, Civ. A. No. 02-9097, 2003 WL 23100808, at *5 (E.D. Pa. Sept. 23, 2003) ("A plaintiff . . . may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment where none exists.").

The Plaintiff in the Original Complaint lack standing and thus, lacks standing to amend that Complaint. As such, the First Amended Complaint is not a permissible amendment under Rule 15(c). Rather, the First Amended Complaint, at most, is a <u>new</u> lawsuit and cannot relate back to the initial filing. *See Aetna*, 796 F.2d at 774 (explaining that substituting plaintiffs by amendment in an attempt to create jurisdiction "necessarily created a new lawsuit").

REM though should have filed a new lawsuit as was required in *Slaughter v. Nat'l Security Agency*, 2015 WL 7180511, at * 2-3 (E.D. Pa. Nov. 16, 2015). There, the Court denied request by a plaintiff who lacked standing to substitute another plaintiff. *Id.* The Court explainted that if the other plaintiff "is going to

12

pursue this matter, he must bring a separate action on his own behalf in district court".

### 3. The First Amended Complaint was filed after Defendant's DJ Complaint.

Because the First Amended Complaint is, at best, a new lawsuit, only the filing date of the First Amended Complaint is applicable to the first-filed rule. Therefore, when determining which suit was first-filed, this Court must simply compare the filing date of the First Amended Complaint to the filing date of Defendant's DJ Complaint. The Court must ignore the filing date of the Original Complaint as it is not relevant to the Court's inquiry. *See Aetna*, 796 F.2d at 774.

Defendant's filed its DJ Complaint in the Northern District of California almost two weeks before REM's First Amended Complaint. Therefore, Defendant's DJ Complaint is the first-filed suit, and REM's First Amended Complaint should be transferred to California as the second-filed suit.

### 4. The First-Filed Rule applies because the California Action involves all of the parties and issues presented in this action.

The first-filed rule applies because the California action involves all of the parties and issues presented in this action. With respect to the parties, REM and E-Go Bike LLC are named parties in this action and in the California action. (Dkt.

12; Ex. A). Although Bing Liu is named as a defendant in only this action, he is involved in both actions as the sole member of E-Go Bike.[7]

All of the issues in this action are also involved in the California action. The First Amended Complaint alleges infringement as to Registration No. 5,327,387 for the mark PACK'EM (Dkt. 12 at ¶¶ 37-52) and violations as to unfair competition and false designation of origin (*id.* at ¶¶ 53-60). The DJ Complaint contains mirror image claims. The DJ Complaint in California seeks a declaration of non-infringement as to Registration No. 5,327,387 for the mark PACK'EM (Ex. A at ¶¶ 35-39) and a declaration of non-violation as to unfair competition and false designation of origin (*id.* at ¶¶ 40-44). Therefore, all of the parties and issues in this action were first before the Northern District of California.

### 5. Transfer is presumed.

Because all of the same parties and issues in this action were first presented in the California action, the two cases are truly related. "In truly related cases, transfer to the jurisdiction with the first-filed case should be presumed" such that a transfer analysis under 28 U.S.C. § 1404 is not required. *Landau*, 274 F. Supp. 3d at 334. Therefore, this Court should transfer this case to the Northern District of California.

---

[7] Both Complaints in this action are devoid of allegations against Mr. Liu and thus, would be subject to dismissal. He seems to only have been named as a party due to his ownership of E-Go Bike, LLC.

## IV. CONCLUSION

REM lacked standing to bring its trademark infringement claim under the Lanham Act. Therefore, this Court has the authority to dismiss Count I of the First Amended Complaint for lack of standing. However, this action is the second-filed action. The first-filed action is pending in the Northern District of California. Therefore, Defendants respectfully request that the Court transfer this case to the Northern District of California. In the alternative, Defendant respectfully requests that the Original Complaint be dismissed for lack of standing which cannot be cured through a "substitution" of Plaintiffs in the First Amended Complaint.

Respectfully submitted,

By:     /s/ Frederick A. Tecce
Frederick A. Tecce
Attorney ID No. 47298
ICE MILLER LLP
1735 Market Street, Suite 3450
Philadelphia, PA 19103
(215)377-5007
*Counsel for Defendants*

C\1256302.5